ERASTUS KOON, APPELLANT, *v.* JACOB BRINKERHOFF, RESPONDENT.

*Vendor retaining goods after a sale — he cannot sell them because of the neglect of the vendee to remove them.*

In this action, brought to recover damages for the conversion of certain hay and straw, claimed by the plaintiff as the assignee of one Ely, the defendant pleaded as a defense that he had sold at auction to one Ely, the hay and straw which stood upon his land, and notified him to remove them immediately; that upon his neglect to remove them he again notified him that if they were not removed by a day fixed they would be sold at public auction; that thereafter, and after notice had been given by posting notices in public places, the hay and straw were again sold to another person, against the protest of the plaintiff who was present.

*Held,* that the defendant had no right to sell the hay and straw because of the neglect of the vendee to remove them, and that he was liable as for a conversion thereof for the damages occasioned to the plaintiff.

APPEAL from a final judgment, entered in Cayuga county, upon an order of the Special Term of that county overruling the plaintiff's demurrer to the second defense alleged in defendant's answer.

*Frank C. Cushing,* for the appellant.

*E. A. Woodin,* for the respondent.

HAIGHT, J.:

This action was brought to recover for a quantity of hay and straw claimed to have been wrongfully and unlawfully converted and disposed of by the defendant.

The second count in the answer is as follows: "For a second and further answer and defense the defendant avers that the hay and straw mentioned in plaintiff's complaint were sold at public auction by defendant upon his premises in Owasco, N. Y., November 24,

1882, and at such sale struck off to one John Ely; that said hay and straw being at the time of said sale the property of one James Colwell was stacked in and adjacent to defendant's barn; that defendant needed the space occupied by said hay and straw for the purpose of storing his own crops; that immediately after the sale of said property as aforesaid defendant announced to said John Ely, in the presence and hearing of the plaintiff, that said hay and straw must be at once taken away from defendant's premises, and that if he neglected to do so in a reasonable time the defendant would again sell it at public auction. Defendant further says that after the lapse of several days, said hay and straw still remaining unmoved, he caused to be given to said Ely a notice that if the same were not removed by Saturday, December ninth, the same would be sold at public auction upon the premises on the following Monday morning at eight o'clock to the highest bidder; that several days public notice of the time and place of such sale was given by posting printed announcements thereof in conspicuous places in said town; that, pursuant to said notice, on the eleventh of December, at eight o'clock in the morning, the defendant caused said hay and straw to be sold at public auction, and at such sale it was struck down to the said James Colwell for eight dollars and fifty cents; that said plaintiff was present and forbid the sale, pretending to be the owner of said property as the vendee of said John Ely."

The plaintiff demurs to this defense on the ground that it is insufficient in law upon the face thereof. If we correctly understand the answer, it concedes that John Ely had fully completed the purchase of the hay and straw so that the title vested in him, otherwise he would not have been notified to take it away; if we are correct in this interpretation of the answer, the case would not fall within the rule where a purchaser at a public sale neglects and refuses to complete the purchase by paying the price bid, in which case the property may be resold. The question then presented is whether or not the defendant had the right to sell and dispose of the hay upon the neglect of the owner to take it away. After the purchase by Ely he doubtless had a reasonable time in which he had the right to enter the premises of the defendant and draw the hay and straw away. During such time the defendant became a bailee of the property and was bound to take such care of it as men of

common prudence generally bestow on their own property of like character. After the expiration of a reasonable time and notice to the vendee to take the goods away, the defendant's relation to the property changed. He still, however, continued a bailee, but he was not bound to that decree of care that was previously required. He became a mere involuntary depositary and would be liable only in case of fraud and gross negligence. This rule appears to be elementary.

Story on the Law of Sales (§ 300, *et seq.*), says, that where the seller has performed all that is required of him by the terms of the contract as to all of the goods, and delivery alone remains to be made, the property vests in the buyer so as to subject him to the risk of any accident which may befall the subject-matter of the sale. It is not necessary that a seller deliver the goods to the buyer in order to transfer the title, since the right of property does not depend upon the actual possession. But although after the vendor has performed all that is required of him, the title of the goods sold passes to the vendee, yet the goods may still be supposed to remain actually in his custody, and it becomes necessary, therefore, to consider what are his duties in respect to the custody in such cases. He is bound to that degree of care and attention which men of common prudence generally bestow on their own property. This rule, however, is limited to cases where the buyer is under no obligation to remove the goods. For if a time be fixed for actual delivery and it has elapsed, or if no time having been fixed the vendee receives notice to take away the goods, the obligation of the vendor is simply to observe good faith and he is responsible only in case of fraud or gross negligence simulated to fraud. Where the delay is occasioned by the vendee the time of delivery having elapsed or he having received notice to take the goods away, the vendor is only liable in like manner as a depositary and mandatory in case of fraud and gross negligence, the custody of the goods being solely for the advantage of the vendee.

It thus remains to be determined, whether or not a bailee or depositary of goods has the right to sell and dispose of them without the consent of the bailor.

Story on Bailments, at sections 99 and 100, says, that the depositary is bound to restore not only the thing deposited, but any

FIFTH DEPARTMENT, JANUARY TERM, 1886.

increase which may have accrued from it. If the depositary had sold the deposit and afterwards repurchased it, he was, by the civil law, bound to restore the value even if it was afterwards lost without his default; and the reason assigned is that the original sale was a fraud upon the owner and could not be purged away but by a delivery of the thing itself to the owner. Our law would adjudge in such a case that the party should not be permitted to take advantage of his own wrong, and that as the sale was a conversion of the property, the right of action of the owner was then complete and could not be varied.

Edwards on Bailments, at section 73, says, that nothing will excuse a bailee from the duty to restore the property to his bailor except he show that it was taken from him by due process of law or by a person having the paramount title or that the title of his bailor has terminated. To these exceptions mentioned by Edwards, there should be added the case of perishable property under circumstances where there was imminent danger of its destruction, before the bailor could be notified, in which case the bailee would doubtless have the right to dispose of the same upon the best terms possible for the bailor; but in other cases we do not understand that a bailee or depositary of goods has, except by due process of law, the right to sell and dispose of them. The case is different with a pledgee, for in such case it is a part of the contract that after default of the pledgor in the payment of his debt, the pledgee may sell on giving due and proper notice. The defendant was not a pledgee; the hay and straw was not perishable property within the rule which would permit the bailee to sell. We are consequently of the opinion that the defendant did not have the right to sell, and that by doing so he converted the property and became liable for the value thereof.

The judgment should be reversed and the demurrer sustained, with costs, with leave to the defendant to amend the answer within twenty days, upon payment of costs of this appeal and the demurrer.

SMITH, P. J., BARKER and BRADLEY, JJ., concurred.

So ordered.